UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: MARY A. ISOM                                                    CASE NO. 02-17575

GREENPOINT CREDIT, LLC                                                 PLAINTIFF

VERSUS                                                                 ADV. PROC. NO. 04-1079

MARY A. ISOM, ON POINT, LLC,
AND PAULA SYKES (SUNFLOWER
COUNTY CHANCERY CLERK)                                                 DEFENDANTS

OPINION

On consideration before the court is a motion for partial summary judgment filed by On Point, LLC ("On Point"); responses and/or memoranda of law having been filed by the debtor, Mary A. Isom (Isom), the Chancery Clerk of Sunflower County, Mississippi (Chancery Clerk), and Greenpoint Credit, LLC (Greenpoint); and the court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

II.

On April 2, 2001, the Tax Collector of Sunflower County, Mississippi, conducted a tax sale and sold the residential real property owned by Isom to On Point for delinquent taxes. Isom filed a voluntary petition for bankruptcy relief under Chapter 13 of the Bankruptcy Code on

December 4, 2002. This court must now determine what interest, if any, the debtor and her bankruptcy estate have in this property. The facts are not disputed by the parties.

III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Phillips v. OKC Corp., 812 F.2d 265 (5th Cir. 1987); Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291 (5th Cir. 1987), Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." Phillips, 812 F.2d at 272.

IV.

At the time of the bankruptcy filing, the tax collector had already sold Isom's property for delinquent taxes. "The right to redeem property from a tax sale is an asset that becomes property of the estate...The real property involved in the sale is not itself an asset. Where the redemption

period has not expired as of the date the petition is filed, section 108 applies to guarantee a minimum redemption period of sixty days after the entry of the order for relief." 5 Collier on Bankruptcy 541.05[2]. Other courts throughout the country who have dealt with this issue have agreed with the aforesaid principle. In <u>In re Haynes</u>, 283 B.R. 147 (Bankr. S.D. N.Y. 2002), the bankruptcy court held, "[i]f a petition is filed <u>while the redemption right is unexpired</u> (emphasis added), the equitable right of redemption becomes part of the bankruptcy estate." <u>Id.</u> at p. 155. See also, <u>Multnomah County v. Rudolph</u>, 166 B.R. 440, 442 (D. OR 1994); <u>In re Argyle Lakeshore Building Corp.</u>, 78 F.2d 491, 494 (7th Cir. 1935).

Consequently, the court is of the opinion that once the tax sale was conducted on April 2, 2001, only Isom's equitable right of redemption became property of the bankruptcy estate when she filed on December 4, 2002.

V.

As to the amount of time that a debtor has to redeem property sold for taxes, §27-45-3, Miss. Code Ann. (1972), states, "[t]he owner...or any person interested in land sold for taxes, may redeem the same...at any time within two (2) years after the day of sale by paying to the Chancery Clerk...the amount of all taxes for which the land was sold..." As such, Isom had two years from April 2, 2001, to redeem her property. As of the date of the bankruptcy filing, Isom had nearly four months remaining to redeem.

11 U.S.C. §108(b) states in pertinent part:

> Except as provided in subsection (a) of this section, if applicable non-bankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under §1201 or §1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any

other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of -

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) 60 days after the order for relief.

Pursuant to §108(b), since the state law redemption period had not expired before the bankruptcy filing date, Isom had the balance of the two year period to redeem the tax sale as opposed to the shorter sixty day period which would apply only if the state law period expired earlier than sixty days post-petition. Therefore, the redemption period, which is not tolled by the automatic stay as discussed immediately hereinbelow, expired on April 2, 2003.

In the case of Smith v. Phoenix Bond & Indemnity, 288 B.R. 793, 796-97 (N.D. Ill. 2002), the facts of which are similar to this case, the court held that a debtor is only guaranteed a minimum of 60 days to redeem under the Bankruptcy Code, and that the automatic stay does not toll the running of the redemption period. See, In re Froehle, 286 B.R. 94, 100 (8th Cir. BAP 2002). Several other courts have dealt with this issue in a foreclosure context and have reached the same conclusion. Once a foreclosure sale has been conducted and the debtor thereafter files bankruptcy, the automatic stay does not toll the running of the state law foreclosure redemption period. See, In re Canney, 284 F.3d 362 (2nd Cir. 2002) (citing In re Tynan, 773 F.2d 177 (7th Cir. 1985); In re Glenn, 760 F.2d 1428 (6th Cir. 1985); Johnson v. First Nat'l Bank, 719 F.2d 270 (8th Cir. 1983). Consequently, the automatic stay does not prevent the running of the tax sale redemption period.

4

VI.

In keeping with §108(b) of the Bankruptcy Code, Isom, on the date of her bankruptcy filing, possessed only the statutory right to redeem the subject tax sale afforded by §27-45-3, Miss. Code Ann. Her right of redemption, which is not tolled by the automatic stay, was not timely exercised. As such, her real property is not an asset of this bankruptcy estate. Since there are no material factual issues in dispute as to this question, the court is of the opinion that On Point is entitled to partial summary judgment as a matter of law.

A separate order, consistent with this opinion, will be entered contemporaneously herewith.

This the 10th day of May, 2006.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE